STATE OF MAINE                     SUPERIOR COURT
WALDO, SS.                         DOCKET NO. CV-17-06


IRA BAILEY              )
        Plaintiff       )
                        )          DECISION & JUDGMENT
        v.              )
                        )
JORDAN YOUNG            )
        Defendant       )


A trial with respect to the claims asserted in the Plaintiff's Complaint was
held before the Court on April 4, 2018. Both parties were present and
provided testimony for the Court's consideration. In addition, two
disinterested witnesses who observed aspects of the events which occurred
on January 15, 2016 also testified at the trial.

Based on the evidence presented at trial, the Court makes the following
findings.

On the night of January 15, 2016 sometime after 10 PM, outside the Front
Street Pub in Belfast Maine, the Defendant, Jordan Young, severely beat the
Plaintiff, Ira Bailey. Although the Plaintiff himself was unable to remember
anything about the actual beating itself, John Gibbs, co-owner of the Front
Street Pub,[1] and Matthew Cook, a Sergeant with the Belfast Police

---

[1] John Gibbs is also a Belfast Police Officer, but on the night of January 15, 2016 was not
acting in his official capacity with respect to the altercation he observed.

1

Department directly observed various aspects of the altercation between the parties.

Mr. Gibbs testified that he saw an individual, who was later identified to be the Defendant, chasing the Plaintiff across a parking area. He testified that he saw the Plaintiff fall and that the Defendant caught up with the Plaintiff and began "putting the knuckles to him." Mr. Gibbs testified that he had never witnessed a worse beating in his 28 years as a police officer.

Sgt. Cook testified, that upon his arrival at the scene, he saw the Defendant standing over the Plaintiff throwing punches. He specifically testified that he directed the Defendant to stop, but that the Defendant, nonetheless, proceeded to kick the Plaintiff two times in the Plaintiff's facial area.

During the Defendant's testimony, he acknowledged punching the Plaintiff more than once during the altercation, but denied chasing the Plaintiff and denied kicking him. The Defendant's testimony in this regard was not credible.

As a result of the beatings administered by the Defendant, the Plaintiff suffered injuries to his head that included broken teeth, a broken nose, and a severely bruised area around the left eye. The Plaintiff was transported, by ambulance, to the Waldo County General Hospital where he remained until the next day. The Defendant testified that the beating has caused him to experience memory loss, dizzy spells, frequent pain and headaches, hearing problems, nightmares, and difficulty thinking and concentrating.

2

The Plaintiff also testified that prior to the beating he had worked regularly performing either paving work or cutting wood for his brothers. He testified that he earned $14 per hour and generally worked a 40 hour workweek. Since the January 2016 altercation the Plaintiff testified that he was limited to working 20 hours per week doing dishwashing work and earning $12 per hour.[2] Based on this evidence, the Court finds that the Plaintiff lost weekly wages in the amount of $320. For the 115 weeks from the time of the January 15, 2016 altercation to the date of trial, the Plaintiff incurred lost wages in the total amount of $36,800.

The Plaintiff provided testimony regarding some of the medical expenses he has incurred since the time of the January 2016 altercation. The Plaintiff also submitted copies of medical bills detailing some of those same expenses. The Court finds that the following medical expenses have been incurred since the time of the altercation and were the result of that same altercation:

| | |
|---|---|
| Ambulance | $524 |
| Waldo County General Hospital | $5576.86 |
| Radiologists | $691 |
| Midcoast Vision | $200 |
| Seaport Community Health Center | $3557.13 |
| Waldo County Dental Care | $2019 |
| Total | $12,567.99 |

---

[2] The Defendant, in his Closing Argument, challenged the Defendant's claim regarding lost earnings by referencing his belief as to the Plaintiff's history of Social Security benefits. Because there was no evidence introduced as to that issue, however, the Court gave that argument no consideration in its' analysis.

The Plaintiff's testimony described significant pain and suffering as well as the loss of enjoyment of life that he has experienced since the time of the altercation. Although there was no specific evidence regarding the amount of future medical expenses he may incur, it is likely that additional expenses will result, as well as ongoing future pain and suffering.

## CONCLUSION

Based on the findings set forth above, the Court concludes that the Plaintiff has established his entitlement to a Judgment in his favor on the three counts of the Complaint pending in this matter. Accordingly, the Court hereby awards Judgment in favor of the Plaintiff in the amount of $274,367.99 plus interest and costs as allowed by law.

The Clerk is directed to incorporate this Decision & Judgment, by reference, in accordance with MRCivP 79(a).

Date: 4/4/18

_____
SUPERIOR COURT JUSTICE

4